Milton C. HONSEY, Connie Burchett, Harold H. Hoffmann, Donald L. Huber, Clark MacGregor, Glenn G. C. Olson, Stanley W. Olson, Richard J. Parish and Kenneth Wolfe, Plaintiffs,

v.

Joseph L. DONOVAN, Secretary of State of the State of Minnesota, Eugene A. Monick, Auditor of Ramsey County, Minnesota, Robert F. Fitzsimmons, Auditor of Hennepin County, Minnesota, Kenneth W. Campbell, Auditor of Anoka County, Minnesota, Carl D. Onischuk, Auditor of Dakota County, Minnesota, Individually as Auditors of their Respective Counties and as Representatives of all County Auditors of the State of Minnesota, Defendants,

and

Donald Sinclair, Rudolph Hanson, William C. Novosad, A. P. Lofgren, Charles Cheney, Richard C. Bergan, S. W. Rodekuhr, Martin L. Vanseth, and David G. Kankel, Intervening Defendants.

No. 4-64-Civ-169.

United States District Court
D. Minnesota,
Fourth Division.

Jan. 14, 1966.

Howard, Peterson, LeFevere, Lefler & Hamilton, Clayton L. LeFevere, Vernon E. Bergstrom, Minneapolis, Minn., for plaintiffs.

William B. Randall, Ramsey Co. Atty., Thomas M. Quayle, Asst. Ramsey Co. Atty., St. Paul, Minn., Geo. M. Scott, Hennepin Co. Atty., John Harvey, Asst. Hennepin Co. Atty., Earl Cudd, Sol. Gen., John F. Casey, Jr., Deputy Atty. Gen., Robt. W. Johnson, Anoka Co. Atty., J. Jerome Kluck, Dakota Co. Atty., for Eugene Monick.

Gordon Rosenmeier and John E. Simonett, Little Falls, Minn., for intervenors Sinclair and Hanson.

Brink & Sobolik by Lyman A. Brink, Hallock, Minn., for Lofgren, Cheney, Bergan, Rodekuhr, Vanseth and Kankel.

Scott & Miller, Gaylord, Minn., for Novosad.

Philip Neville, Minneapolis, Minn., for Thuet, Cina, Grittner, Latz, Knudsen and Mann, intervenors.

Mandt Torrison, St. Paul, Minn., pro se as an intervenor.

Before BLACKMUN, Circuit Judge, DEVITT, Chief District Judge, and NORDBYE, District Judge.

PER CURIAM.

We are asked by the plaintiffs to assert our retained jurisdiction in this reapportionment case and go forward with preliminary plans for the establishment of Minnesota legislative districts for the 1966 elections.

Previously, on December 4, 1964, we held the then Minnesota legislative apportionment law to be unconstitutional. D.C., 236 F.Supp. 8. We recognized that the 1965 regular session of the Minnesota Legislature would discharge its duty to reapportion the legislative districts. It did that. The Bill enacted, Senate File 102 was vetoed by the Governor. The Minnesota Supreme Court, on November 26, 1965, upheld the Governor's authority to exercise the veto power. Duxbury v. Donovan, Minn., 138 N.W.2d 692.

There is now no valid law prescribing Minnesota legislative districts, the regular 1965 session of the Minnesota Legislature has adjourned, and eight of the nine original plaintiffs ask for our order that we will (1) prescribe legislative district boundaries, (2) set a time and manner for receiving evidence, (3) consider evidence of population shifts since 1960 and (4) determine the maximum permissible deviation from ideal population figures.

The courts are not designed for the purpose of drafting legislative reapportionment plans. We are not equipped with the expert staff and manpower necessary for gathering, by public hearing or otherwise, the required basic data and diverse political, geographical and social viewpoints necessary to frame an equitable and practicable reapportionment plan. Judges are not ideally suited by training or experience artfully to perform the task. We are basically interpreters, not makers, of the law.

We are not unmindful that the courts do have authority to decree reapportionment, but this is a power to be exercised only in the extraordinary situation where the Legislature fails to do so in a timely fashion after having had an adequate opportunity to do so. Redistricting is basically and primarily a legislative responsibility. Reynolds v. Sims, 377 U.S. 533, 586, 84 S.Ct. 1362, 1394, 12 L.Ed. 2d 506.

The Minnesota Constitution, in Article V, Section 4, authorizes the Governor to call an extraordinary session of the Legislature, and in Article IV, Sections 23 and 2, makes it the duty of the Legislature to reapportion the legislative districts. The authority is present and the responsibility is clear. There is adequate opportunity for the Governor and the Legislature to do the job in timely fashion. They should do so.

The petition is denied without prejudice. We continue to retain jurisdiction.